IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| MANUEL HERNANDEZ, | ) | |
| | ) | |
| Plaintiff, | ) | No. 12 C 1228 |
| v. | ) | |
| | ) | Judge Robert W. Gettleman |
| PEOPLESCOUT, INC. and SEATON, LLC, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION AND ORDER

Plaintiff Manuel Hernandez, individually and on behalf of similarly situated employees, brought an individual and putative class action against defendants PeopleScout, Inc. and Seaton LLC, alleging violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. (Count I) and the Illinois Minimum Wage Law ("IMWL"), 820 ILCS 105/1 et seq. (Count II). Defendants have moved to dismiss all counts pursuant to Fed. R. Civ. P. 12(b)(1), arguing that plaintiff's claims are moot and the court lacks subject matter jurisdiction. In the alternative, defendant Seaton has moved to dismiss pursuant to Fed. R. Civ. P. 12(b)(6). Plaintiff has filed a motion for leave to file a first amended complaint adding two additional plaintiffs. For the following reasons, defendants' Rule 12(b)(1) motion is granted, and plaintiff's motion for leave to file an amended complaint is denied as moot.

## FACTS

According to the allegations in his complaint, plaintiff is currently employed by defendants as a "recruiter/junior recruiter," interviewing prospective employees for defendants' clients. Defendants have failed to pay him for all of the time he worked. Specifically, plaintiff was not paid for time spent logging on and off the phone system, preparing for work, and recovering from computer crashes. In addition, he was paid sub-minimum wages for training.

In moving to dismiss for lack of subject matter jurisdiction, defendants note that, a day after plaintiff filed his complaint, defendants sent plaintiff a letter informing him that they had initiated a direct deposit for $3,597.86 (a gross payment of $4176.82 less applicable taxes and withholdings) into his bank account. The payment represented $1829.28 in wages, $1829.28 in liquidated damages, and $507.86 to compensate plaintiff for any additional expenses or costs. The letter informed plaintiff that the payment exceeded any relief he could claim and rendered his claims moot.

## DISCUSSION

**Legal Standard**

Rule 12(b)(1) motions to dismiss are premised as either facial or factual attacks on jurisdiction. Publ'ns Int'l, Ltd. v. Leapfrog Enters., Inc., No. 08 C 2800, 2008 WL 5142286, at *2 (N.D. Ill. Dec. 4, 2008). Facial attacks challenge the sufficiency of the pleadings, as compared to factual challenges where "the complaint is formally sufficient but the contention is that there is in fact no subject matter jurisdiction." United Phosphorus, Ltd. v. Angus Chem. Co., 322 F.3d 942, 946 (7th Cir. 2003) (emphasis in original). "If the Rule 12(b)(1) motion denies or controverts the pleader's allegations of jurisdiction, . . . the movant is deemed to be challenging the factual basis for the court's subject matter jurisdiction." Cedars-Sinai Med. Ctr. v. Watkins, 11 F.3d 1573, 1583 (Fed. Cir. 1993). In either case, the plaintiff bears the burden of establishing that subject matter jurisdiction exists. United Phosphorus, 322 F.3d at 946.

In the instant case, defendants dispute the factual basis underlying plaintiff's assertion of subject matter jurisdiction. The Seventh Circuit instructs that different methods of review apply to facial and factual challenges to a district court's subject matter jurisdiction. See id. When

2

presented with a facial challenge, "the court does not look beyond the allegations in the complaint, which are taken as true for purposes of the motion." Apex Digital, Inc. v. Sears, Roebuck & Co., 572 F.3d 440, 444 (7th Cir. 2009). In contrast, when presented with a factual challenge to jurisdiction, "the district court may properly look beyond the jurisdictional allegations of the complaint and view whatever evidence has been submitted on the issue to determine whether in fact subject matter jurisdiction exists." Apex Digital, 572 F.3d at 443-44. In a factual Rule 12(b)(1) motion, "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdiction claims." Id. "The Court may weigh evidence in order to satisfy itself that jurisdiction exists; as such, disputes over material facts will not preclude the court from deciding jurisdictional issues." Bd. of Trs. of Pipe Fitters' Welfare Fund Local 597 v. Adams, No. 97 C 5592, 1998 WL 259543, at *2 (N.D. Ill. May 7, 1998).

## II.   Defendant's Motion to Dismiss

Defendants have moved to dismiss plaintiff's complaint for lack of subject matter jurisdiction, arguing that its tender of $3,597.86 to plaintiff exceeds any amount he could receive in the current claim, therefore mooting plaintiff's claim. Plaintiff argues that defendants' tender did not moot his claim for a number of reasons, all of which are incorrect.[1]

---

[1]Contemporaneously with his response to defendants' motion to dismiss, plaintiff filed a motion for leave to file a first amended complaint, seeking to add additional parties to this suit. He has attached the declarations of those two non-parties to his response to defendants' motion to dismiss. But "[i]f the claim was moot because [the initial plaintiff] had been offered all that [he] could obtain, the mere fact that a non-party also had a claim at that time would be irrelevant." Wiskur v. Short Term Loans, LLC, 94 F. Supp. 2d 937, 939 (N.D. Ill. 2000). Thus, the declarations of Ms. Cunningham and Ms. Montgomery are irrelevant, and the court will not consider them in ruling on defendant's motion to dismiss. Because the court concludes that it lacks jurisdiction over plaintiff's claims, his request to file an amended complaint is denied as
(continued...)

As a general rule, a plaintiff's case becomes moot "[o]nce the defendant offers to satisfy the plaintiff's entire demand." Rand v. Monsanto Co., 926 F.2d 596, 598 (7th Cir. 1991) (citations omitted). At that point, "there is no dispute over which to litigate and a plaintiff who refuses to acknowledge this loses outright, under Fed. R. Civ. P. 12(b)(1), because he has no remaining stake." Id. In the class context, "an offer's effect depends on the timing: offers received before a motion for class certification is filed moot the case, but offers received after the motion has been filed do not." White v. Humana Health Plan, Inc., No. 06 C 5546, 2007 WL 1297130, at *6 (N.D. Ill. May 2, 2007).

Defendants correctly state that they tendered an amount well in excess of plaintiff's claim for relief, mooting plaintiff's claim and depriving the court of subject matter jurisdiction. Defendants attached the sworn declarations of its Financial Reporting Manager and Staffing Manager, who assert that the tender was in excess of any relief plaintiff could claim. These declarations call plaintiff's standing into question, and plaintiff now bears the burden of producing "competent proof that standing exists." Apex Digital, 572 F.3d at 444. Plaintiffs who make a statement or argument in a brief, but fail to provide competent proof, do not provide evidence sufficient to controvert a defendant's sworn declarations. Askins v. Zachry Indus., Inc., No. 09 CV 2202, 2010 WL 780329, at *3 (C.D. Ill. Mar. 3, 2010). Plaintiff has failed to address whether defendants' tender is incomplete, much less provide "proof to support his allegations of jurisdictional facts, such as whether he has a claim for damages in excess of defendant's [tender]." Stilz v. Global Cash Network, Inc., No. 10 CV 1998, 2010 WL 3975588,

---

[1](...continued)
moot.

at *6 (N.D. Ill. Oct. 7, 2010). Thus, plaintiff has not carried his burden, and the court concludes that defendants' tender constitutes full satisfaction of plaintiff's claims.

Plaintiff argues that the Klinghoffer rule is inapplicable and that defendants' calculation of damages based on the rule is invalid. (That rule precludes an employee from stating an FLSA claim if he worked less than 40 hours per week but was paid more than he would have been paid for 40 hours at minimum wage. United States v. Klinghoffer Bros. Realty Corp., 285 F.2d 487, 490 (2nd Cir. 1960).) Although, as plaintiff notes, the Seventh Circuit has not adopted this rule, a number of courts in this district have followed it. See, e.g., Ladegaard v. Hard Rock Concrete Cutters Inc., No. 00 C 5755, 2004 WL 1882449, at *5 (N.D. Ill. July 6, 2004). Plaintiff then launches into a lengthy discussion as to why the rule's calculations do not accurately reflect the wages owed. Although defendants do state that under the Klinghoffer rule, plaintiff would be owed nothing, plaintiff fails to notice that defendants do not rely on their Klinghoffer rule calculations. Thus, the validity of the Klinghoffer calculations is irrelevant.

Plaintiff next argues that defendants' tender of payment was not a valid offer under Fed. R. Civ. P. 68 or otherwise. Plaintiff is correct that defendant's tender was not made in accordance with Rule 68, but Rule 68 is not the only mechanism by which a defendant can tender complete relief to a plaintiff. See Holstein v. City of Chicago, 29 F.3d 1145, 1148 (7th Cir. 1994) (defendant's offer mooted plaintiff's claims despite not complying with Rule 68); Martin v. PPP, Inc., 719 F. Supp. 2d 967, 971 (N.D. Ill. 2010) ("[Plaintiff] first objects to [defendant's] settlement offer on the ground that it does not constitute an offer of judgment pursuant to Rule 68. This contention lacks any foundation in the relevant case law."). Further, tenders similar to that which defendants made to plaintiff have been accepted as mooting claims

for relief. See Gates v. City of Chicago, 623 F.3d 389, 413 (7th Cir. 2010) ("[T]ender ended any dispute over restitution, and the plaintiffs cannot revive it by simply refusing the tender."). Plaintiff's arguments that he could not turn down the tender have no bearing, because when a plaintiff is tendered full relief, he cannot avoid mootness by refusing the tender. See id.

Relatedly, plaintiff argues that his claims cannot be mooted unless he agreed to the tender. The cases on which plaintiff relies, however, are entirely distinguishable from the instant case. They address settling claims for relief at less than the full amount and waiver of FLSA claims. But defendants tendered an amount in excess of what plaintiff could claim, not less. Further, the tender did not waive plaintiff's claims. Defendants' tender of complete relief mooted the claims. Plaintiff need not consent to defendant's tender for the mootness doctrine to apply. See, e.g., Gates, 623 F.3d at 413; see also Martin, 719 F. Supp. 2d at 975 ("[P]laintiff's actual acceptance of the offer is unimportant since the case is moot once the offer has been made."). The cases plaintiff cites have no bearing on the instant case.

Plaintiff further claims that his interest extends beyond his own to a putative class and that this is sufficient to defeat a mootness claim. He is incorrect. When a plaintiff is offered complete relief before seeking class certification, there is no live controversy, and the existence of a putative class has no bearing on the case. Holstein, 29 F.3d at 1147.

Finally, plaintiff argues that FLSA claims cannot be waived or settled without Department of Labor or judicial approval. While this certainly is true, it is irrelevant to the instant case. The cases plaintiff cites deal with plaintiffs who accept less than what they could receive in litigation in exchange for other considerations. As noted above, plaintiff did not waive or settle his claims. Plaintiff's claims were mooted when defendants tendered an amount

6

in excess of what plaintiff could receive in his suit. FLSA and IMWL claims are not exempt from the mootness doctrine. See, e.g., Manzanares v. Landscapes Concepts Mgmt., Inc., No. 10 CV 3749, 2012 U.S. Dist. Lexis 58122, at *5 (N.D. Ill. Apr. 26, 2012). Thus, neither Department of Labor nor judicial approval was needed for defendants' tender to moot plaintiff's FLSA and IMWL claims.

Because the court finds plaintiff's claims are moot and it lacks subject matter jurisdiction, it need not address defendant Seaton's Rule 12(b)(6) motion to dismiss.

## CONCLUSION

For the reasons discussed above, the court grants defendants' motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(1) [Dkt. 15] and denies as moot plaintiff's motion for leave to file a first amended complaint [Dkt. 21].[2]

**ENTER:** July 24, 2012

_____
**Robert W. Gettleman**
**United States District Judge**

---

[2] Of course, any employee of defendants who has a viable claim may still file an individual or collective action.